The Honorable Jim Hill President Pro Tem of the Senate 100 Center Nashville, AR 71852-3821
Dear Senator Hill:
You have requested my opinion on an issue arising out of bills that are currently pending before the 2nd Extraordinary Session of the 84th
General Assembly that would exempt food and food ingredients from Arkansas state gross receipts taxes. Under the terms of these bills, food and food ingredients would continue to be subject to all municipal and county gross receipts taxes. See, e.g., SB50 and SB60. You note that most municipal and county sales taxes currently in effect were adopted under the authority of statutes that typically provide as follows:
 (c) The sales tax portion of any local sales and use tax adopted under this subchapter shall be levied by the governing body on the receipts from the sale at retail within the city of all items that are subject to taxation under the Arkansas Gross Receipts Act, § 26-52-101 et seq.
A.C.A. § 26-75-207(c). See also A.C.A. § 26-75-312(a); A.C.A. §26-75-405(a); A.C.A. § 26-75-502(a).
You have asked:
 In the case of gross receipts and use tax ordinances that are now in effect, may the Arkansas General Assembly lawfully exempt food and food ingredients from taxation under the Arkansas Gross Receipts Act, but provide that local sales and use tax shall continue to apply to such items? Would the local cities and counties which have adopted these ordinances be subject to significant risk of loss in taxpayer suits claiming that local gross receipts taxes may not be collected on food and food ingredients that have been exempted from tax for Arkansas gross receipts tax purposes?
RESPONSE
In my opinion, the General Assembly may lawfully exempt food and food ingredients from taxation under the Arkansas Gross Receipts Act, and at the same time provide that local sales and use tax shall continue to apply to such items.
The General Assembly is constitutionally authorized to amend its own acts. See Ark. Const., Art. 5, § 23. The General Assembly is therefore clearly at liberty to amend the Arkansas Gross Receipts Act as it sees fit on a prospective basis.
At the same time, however, the General Assembly cannot take any action that would impair an existing contractual right. See Ark. Const., Art.2, § 17.[1] Because the proceeds of local sales taxes may be pledged for the repayment of bonds, see, e.g., A.C.A. § 26-74-206; 26-74-306; A.C.A. § 26-75-204; and A.C.A. § 26-75-306, the bondholders may have a contractual right to continued payments on those bonds including payments based on taxes imposed on food items. In addition, the cities and counties may have otherwise contractually obligated their sales tax proceeds. Any action of the General Assembly that would affect those pledged proceeds and any contractual rights resting on those proceeds could (depending on the facts) constitute an impairment of contractual rights in violation of Article 2, § 17.[2]
In sum, while the General Assembly generally has discretion to determine whether food items continue to be subject to local taxation, there may be some instances in which that continued taxation is required in order to avoid an unconstitutional impairment of contractual rights.
Having determined that the General Assembly has authority to provide that local sales and use tax on food continue to be collected, I also note that both cities and counties are prohibited from taking action that would contradict state law. See Ark. Const., Am. 55, § 1; A.C.A. §14-14-805(13); A.C.A. §§ 14-43-601, -602; 14-42-307; 14-54-101;14-55-101; 14-42-502; 14-43-601(a)(1)(F) and (a)(2). Thus, no city or county could cease to collect sales taxes on food and food ingredients if state law explicitly provided that they were required to continue to do so.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Another constitutional issue that could arise out of such an amendment to the Arkansas Gross Receipts Act is the question of the amendment's effect on any constitutionally-levied taxes that are explicitly tied to the Arkansas Gross Receipts Act. See, e.g., Ark. Const., Am. 75. For a discussion of this potential issue, see Op. Att'y Gen. No. 2004-005.
[2] I note that this issue could be impacted by the language of the ballot title by which the local tax in question was presented to the electorate. A specific statement in the ballot title addressing this issue could be pertinent. See Daniel v. Jones, 332 Ark. 489,966 S.W.2d 226 (1998).